# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5509 | **DATE** | 10/26/2011 |
| **CASE TITLE** | Armada (Singapore) PTE Limited vs. Ashapura Minechem Limited | | |

**DOCKET ENTRY TEXT**

Status hearing held on 10/26/11. Eitzen Bulk A/S's motion to intervene and for other relief [65] is denied.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

Currently before me is Eitzen Bulk A/S's motion to intervene and for other relief. For the reasons that follow, that motion is denied.

On August 29, 2011, I issued a Memorandum Opinion and Order which concluded that the AMCOL Garnishees owed $687,356.52 to Ashapura Minechem, Ltc. ("Ashapura"), and thus ordered the AMCOL Garnishees to pay that amount to plaintiff Armada (Singapore) PTE Limited ("Armada"). On September 7, 2011, Eitzen moved pursuant to Rule 24(a)(2) for leave to intervene. In that motion Eitzen explained that, as a judgment creditor of Ashapura, it has brought an action against Ashapura in Cook County Circuit Court in which it attached $687,356.52 of Ashapura's funds held by the AMCOL Garnishees. Eitzen argues that once the parties in this matter agreed to post a bond as security for any amounts due to Armada, the funds which this court originally attached were "released" and could be re-attached by Eitzen. Eitzen now seeks to intervene in this case and asks that I make clear that the AMCOL Garnishees must pay Armada with funds from the bond and not from the original funds.

The Seventh Circuit "has determined that intervention as of right is required only where parties establish that: (1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the parties fail to represent adequately their interest." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (quotation marks and brackets omitted). "A failure to establish any of these elements is grounds to deny the petition." *Id*. "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D.379, 383 (N.D. Ill. 2006) (quotation marks omitted).

The Seventh Circuit has described four factors pertinent to the timeliness question: (1) how long the movant has known or should have known that the suit could impact its interest; (2) any prejudice to the existing

parties in the lawsuit; (3) any prejudice to the movant if intervention is denied; and (4) any unusual circumstances for or against a finding of timeliness. *See Heartwood Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003). "As soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Sakaogan Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). "The timeliness factor is essentially a reasonableness inquiry," where "[i]ntervention is unavailable to the litigant who dragged its heels after learning of the lawsuit." *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995) (internal quotations omitted). "[I]ntervention postjudgment – which necessarily disturbs the final adjudication of the parties' rights – should generally be disfavored." *Bond v. Utreras*, 585 F.3d 1061, 1071 (7th Cir. 2009).

In this case, Eitzen had ample notice of its interest in this litigation and failed to act. Armada presented undisputed evidence that Eitzen knew of the proceedings before me at least by March 2011. On March 17, 2011, the AMCOL Garnishees filed a motion in Eitzen's state action which specifically identified Armada's federal proceeding and argued that "[a]llowing two parallel actions relating to the same subject matter to proceed in separate Courts would needlessly subject Garnishees to duplicative activity and potentially conflicting orders." Floyd Decl., Ex. A ¶ 1. The Garnishees also stated that "[t]o the extent any money or property belonging to Ashapura can be found in the hands of the Garnishees, it is likely that those assets are first subject to attachment and garnishment by Armada, whose Attachment Order preceded the filing of this action and is for an amount in excess of the amount sought by Eitzen." *Id*. at ¶ 15. Therefore, by March 17, 2011, Eitzen knew that Armada had commenced this action, the AMCOL Garnishees took the position that Armada's action and Eitzen's action concerned the same subject matter, and the AMCOL Garnishees took the position that there was a likelihood for conflict between the two proceedings. In light of this, Eitzen was on notice that its interest in the funds held by the AMCOL Garnishees could be impacted by this action. The parties in this matter provided additional notice to Eitzen on various occasions after March 2011. *See id.* at Exs. B, C, D. Given this, I reject Eitzen's argument that it had no reason to intervene prior to my August 29, 2011 ruling.

Furthermore, while Eitzen argues that it will be prejudiced if it is not allowed to intervene, I disagree. Armada was first in line to recover any amounts owed by the AMCOL Garnishees to Ashapura, and "the general rule is that the first maritime attachment in time is the first in right." *Artemis Shipping and Navigation Company S.A. v. Tormar Shipping AS*, No. Civ.A. 03-217, 2003 WL 22928792, at *6 (E.D.La. Dec. 9, 2003). Eitzen has not pointed to a single case involving a non-vessel *res* which supports its position, and nothing in the authorities cited by Eitzen stands for the proposition that when a bond is posted to secure payment of a debt attached under Rule B, a later attachment by a different party of the original funds may result in a second payment of the same debt. Likewise, Eitzen has not put forward any cases which support its position that, in a case such as this one, a judgment *must* be paid by the bond, as opposed to the original funds. I am not convinced that the cases cited by Eitzen, which *do not involve garnishees*, are analogous to the facts of this case. Nor am I convinced that I have somehow "lost" my *quasi in rem* jurisdiction. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen, et al.*, 424 F.3d 852 (9th Cir. 2005). I have determined that the AMCOL Garnishees owe Ashapura the amount of $687,356.52 and that is the total amount the AMCOL Garnishees must be forced to pay. *See Clipper Shipping Co., Ltd. v. Unimarine Bulk Transport, Inc.*, 790 F. Supp. 56, 61 (D. Conn. 1992) ("It is a fundamental principle of the law of attachment and garnishment that the attaching creditor can get no more that the debtor has."). Once the AMCOL Garnishees pay Armada $687,356.52, the AMCOL Garnishee cease to owe a debt to Ashapura and there is nothing for any other of Ashapura's creditors to attach. Eitzen has provided no persuasive legal support for its position and thus I conclude that it will not be prejudiced if I do not allow it to intervene. Further, allowing the intervention and the amendment of the judgment sought by Eitzen would certainly prejudice the AMCOL Garnishees, as it would open them to the possibility of paying double the amount they owe to Ashapura. According to Eitzen, the state court has already re-attached the original funds and could presumably order the AMCOL Garnishees to turn those funds over to Eitzen. Finally, Eitzen requested that it be allowed to engage

**STATEMENT**

in additional discovery which would certainly prejudice the current parties by delaying the execution of the judgment in this matter.

    Because Eitzen cannot meet the first requirement of Rule 24(a)(2), its motion to intervene is denied. To the extent the motion sought to alter the judgment, that part of the motion is also denied. *See Zbaraz v. Madigan*, 572 F.3d 370, 377 (7th Cir. 2009) ("Rule 59 requires that the person or entity filing the motion to alter the judgment be a "party" before the court.").